## EX PARTE MARTHA STROSSMAN.

[Abstract Kentucky Law Reporter, Vol. 6—738.]

**Construction of Terms in a Will.**

Where a testator appoints executors and directs them to invest money in their names for his daughter "in such real estate as she may desire and the title to be in her and her heirs, and if she dies without issue, it is to be used like other property belonging to me," the daughter then being single, the testator meant that if the daughter died without issue prior to his death the property thus devised was to become a part of his estate. He did not place any limitation on her estate if she outlived him, but meant to give her a fee simple estate.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

April 30, 1885.

OPINION BY JUDGE PRYOR:

It is apparent from the provisions of the testator's will that he knew how to create a life estate and that the limitation as to the estate devised to his daughter, Julia, does not apply to, and was not designed to apply to his daughter, Martha, now Mrs. Strossman.

At the date of the execution of the will his daughter, Julia, was a married woman, and his daughter, Martha, was unmarried. So to Julia he provides that if the money given to her is invested in real estate, the title is to be in her during her natural life and if she should die leaving children, it (the land) is to belong to them.

This is a plain and easily understood clause of the will and leaves no room for contention. A life estate was devised to Julia with remainder to her children. In providing for his daughter, Martha (Mrs.

Strossman) the testator directs his executors to invest the money in their names for her *"in such real estate as she may desire and the title to be in her and her heirs,* and if she dies without issue, it is to be used like other property belonging to me. Martha was then single and the testator evidently meant a dying without issue before the testator's death, and in that event the property devised to her was to become a part of his estate and used as other property belonging to him.

The title was directed to be made to Martha and her heirs, the testator intending to place a limitation in Julia's interest and none on the interest devised to his daughter, Martha. If intending to give Martha a life estate, he could and would have expressed it as plainly as in the devise to Julia. He saw perhaps the necessity of creating the limitation in the one case and not in the other, but whatever his reasons may have been, his purpose was to invest the daughter Martha with a fee simple title.

The judgment is therefore *affirmed.*

*Peters & Tyler, for appellant.*

[Cited, *Harlow v. Scobee,* 22 Ky. L. 1499, 60 S. W. 861.]